# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-1724V

* * * * * * * * * * * * * * * * * * * * * * * *

MICHAEL RITCHEY and MONICA RITCHEY,
*parents of G.R., a minor*,

          Petitioners,

v.

SECRETARY OF HEALTH
AND HUMAN SERVICES,

          Respondent.

* * * * * * * * * * * * * * * * * * * * * * * *

Chief Special Master Corcoran

Filed: April 29, 2024

*Meredith Daniels*, Conway, Homer, P.C., Boston, MA, for Petitioners.

*Madelyn Weeks,* U.S. Dep't of Justice, Washington, DC, for Respondent.

### DECISION GRANTING IN PART FINAL AWARD OF ATTORNEY'S FEES AND COSTS[1]

      On August 18, 2021, Monica and Michael Ritchey filed a petition on behalf of their minor son, G.R., for compensation under the National Vaccine and Injury Compensation Program (the "Vaccine Program").[2] (ECF No. 1) ("Pet."). Petitioners alleged that G.R. suffered acute disseminating encephalomyelitis as a result of his December 7, 2018, receipt of the influenza and Hepatitis A vaccines. Pet. at 1. The matter was settled in Petitioners' favor, and they were awarded damages. Decision, dated October 2, 2023 (ECF No. 34) ("Decision").

---

[1] Although I have not formally designated this Decision for publication, it will nevertheless be posted on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id*.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to Section 300aa of the Act (but will omit the statutory prefix).

Petitioners have now filed a motion for a final award of attorney's fees and costs (the sole fees request in this matter). Motion, dated April 1, 2024 (ECF No. 41) ("Final Fees Mot."). Petitioners request a total of $59,977.20, reflecting $42,880.20 in fees and costs incurred by the services of the Conway Homer firm, and $17,097.00 in costs personally incurred by the Petitioners. Final Fees Mot. at 2. Respondent reacted to the final fees request on April 3, 2024. Response, dated April 3, 2024 (ECF No. 43) ("Response"). Respondent agrees that Petitioners have satisfied the statutory requirements for a fees award, and otherwise defers the calculation of the amount to be awarded to my discretion. Response at 2–3.

For the reasons set forth below, I hereby **GRANT IN PART** Petitioners' motion, awarding fees and costs in the total amount of **$45,767.70**.

## ANALYSIS

### I. Calculation of Fees

Having prevailed in this matter, the Petitioners are entitled to an award of fees and costs. Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method - "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis* exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioners request the following rates for his attorneys, based on the years work was performed:

| **Attorney** | 2019 | 2020 | 2021 | 2022 | 2023 | 2024 |
|---|---|---|---|---|---|---|
| **Meredith Daniels** | -- | $350.00 | $350.00 | $410.00 | $455.00 | $455.00 |
| **Christina Ciampolilo** | -- | $380.00 | -- | -- | -- | $470.00 |
| **Joseph Pepper** | -- | -- | $355.00 | $415.00 | -- | -- |
| **Ronald Homer** | -- | -- | $447.00 | $475.00 | $500.00 | $500.00 |
| **Nathaniel Enos** | -- | -- | -- | $280.00 | $320.00 | -- |
| **Patrick Kelly** | -- | -- | -- | -- | $305.00 | -- |
| **Paralegals** | $145.00 | $155.00 | $155.00 | $170.00 | $185.00 | $185.00 |

Final Fees Motion at 5-24.

The Homer attorneys who provided services in this case practice in Boston, MA—a jurisdiction that has been deemed "in forum." Accordingly, they should be paid forum rates as established in *McCulloch. See Lozano v. Sec'y of Health & Hum. Servs.*, No. 15-369V, 2020 WL 7869439, at *3 (Fed. Cl. Spec. Mstr. Nov. 30, 2020). The rates requested are also consistent with what has previously been awarded to them, in accordance with the Office of Special Masters' fee schedule.[3] *Japaridze v. Sec'y of Health & Hum. Servs.*, No. 20-1545V, 2023 WL 4104131, at *1 (Fed. Cl. Spec. Mstr. May 17, 2023); *Kimball v. Sec'y of Health & Hum. Servs.*, No. 20-2000V, 2023 WL 4044612, at *1 (Fed. Cl. Spec. Mstr. May 16, 2023); *Meyer v. Sec'y of Health & Hum. Servs.*, No. 20-2031V, slip op. at 2 (Fed. Cl. Spec. Mstr. May 16, 2023). I thus find no cause to reduce them in this instance. And I deem the time devoted to the matter to be reasonable. I will therefore award all fees requested without adjustment.

## II.   Calculation of Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No.10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special

---

[3] OSM Attorneys' Forum Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/node/2914 (last visited April 26, 2024).

masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioners seek $1,655.30 in outstanding attorney's costs, which comprises filing fees, medical records requests, mailing costs, and the cost of making a client visit to Petitioners. Final Fees Mot. at 25. These expenses are commonly incurred in the Vaccine Program, are reasonable herein, and shall be awarded.

In addition, the Petitioners request $17,097.00 in personally-incurred costs, representing fees to establish a guardianship with the help of attorney Lucy Shackleford. Final Fees Mot. at 50–63. This includes $2,887.50 reflecting time spent on actually establishing the guardianship, plus $1,250.00 annually to maintain the guardianship until 2035—an amount that would total $14,209.50. *Id.* at 57. To reach this figure, Ms. Shackleford has assumed a $1,250.00 per year in fees, including reviewing bank statements and preparing annual accounting. *Id.* She then has discounted this cost to net present value, using a 1% discount rate for each year. *Id.* Adding the cost of each year together totaled $14,209.50. *Id.*

Establishing a guardianship has been determined to be a legitimate cost associated with some Vaccine Act claims (especially when a stipulated settlement requires it). *Barrett v. Sec'y of Health & Hum. Servs.*, No. 09-389V, 2014 WL 2505689 (Fed. Cl. Spec. Mstr. May 13, 2014). But the same is not true for the cost of *maintaining* a guardianship thereafter. *Crespo v. Sec'y of Health & Hum. Servs.*, 139 Fed. Cl. 231, 236 (2018) (affirming decision of Special Master to deny costs to maintain guardianship). And although some special masters have ruled otherwise, I have not. *Barrett*, 2014 WL 2505689, at *5–6 (denying fees related to guardianship administration after establishment because they were not "incurred" in association with the vaccine petition). Therefore, the future costs Petitioners request will not be awarded.

As a result of the foregoing, Petitioners will only be granted $2,887.50 in personal costs for the work of Ms. Shackleford in establishing the guardianship.

## CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT IN PART** Petitioners' Motion for Attorney's Fees and Costs, and award a total of **$45,767.70**, reflecting (a) $42,880.20 in attorney's fees and costs, in the form of a check made jointly payable to Petitioners and their attorney Ms. Meredith Daniels, and (b) $2,887.50 in costs personally incurred by Petitioners, in the form of a check payable to them.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[4]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran<br>
Brian H. Corcoran<br>
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.