# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-1724V

* * * * * * * * * * * * * * * * * * * * * * * *

MICHAEL RITCHEY and MONICA
RITCHEY, *parents of G.R., a minor*,

                Petitioners,

v.

SECRETARY OF HEALTH
AND HUMAN SERVICES,

                Respondent.

* * * * * * * * * * * * * * * * * * * * * * * *

Chief Special Master Corcoran

Filed:  September 12, 2024

*Ronald Craig Homer*, Conway, Homer, P.C., Boston, MA, for Petitioners.

*Madelyn Weeks,* U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION GRANTING FINAL AWARD OF ATTORNEY'S FEES AND COSTS[1]

On August 18, 2021, Monica and Michael Ritchey filed a petition on behalf of their minor son, G.R., for compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petition (ECF No. 1) ("Pet."). Petitioners alleged that G.R. suffered acute disseminating encephalomyelitis as a result of his December 7, 2018, receipt of the influenza ("flu") and Hepatitis A ("Hep A") vaccines. *Id.* at 1.

The parties agreed on a stipulation resolving the case, and I issued a decision awarding Petitioner compensation. *See* Decision, dated Oct. 2, 2023 (ECF No. 34). Petitioners next moved for a fees award (*see* Motion, dated Apr. 1, 2024 (ECF No. 41) ("Mot.")), and on April 29, 2024, I issued a decision granting Petitioners all sums requested, with the exception of future guardianship costs. Decision, dated Apr. 29, 2024 (ECF No. 44). Petitioners moved for review of my decision

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to Section 300aa of the Act (but will omit the statutory prefix).

(ECF No. 46), and the motion was granted. *See* Order, dated Aug. 13, 2024 (ECF No. 50) ("Remand Order") (finding that Petitioners are entitled to compensation for personally-incurred costs, including the cost of maintaining a guardianship, and remanding the matter to determine whether the sum requested was reasonable). I accordingly withdrew my prior fees decision, in order to comply with the Remand Order. Order, dated Aug. 29, 2024 (ECF No. 52).

Thereafter, Petitioners filed a supplemental motion for attorney's fees and costs on August 21, 2024, to include fees incurred in connection with their appeal. Supplemental Motion, dated Aug. 21, 2024 (ECF No. 51) ("Supp. Mot."). In total, Petitioners have requested $66,223.70, reflecting $49,126.70 in fees and costs incurred by the services of the Conway Homer firm, and $17,097.00 in costs Petitioners personally incurred (including the future guardianship costs). Mot. at 2; Supp. Mot. at 2. Respondent reacted to the fees request on April 3, 2024. Response, dated Apr. 3, 2024 (ECF No. 43) ("Resp."). Respondent agrees that Petitioners have satisfied the statutory requirements for a fees award, and otherwise defers the calculation of the amount to be awarded to my discretion. Resp. at 2–3.

For the reasons set forth below, I hereby **GRANT** Petitioners' motion, awarding fees and costs in the total amount of $66,223.70.

## ANALYSIS

### I.     Calculation of Fees

Having prevailed in this matter, the Petitioners are entitled to an award of fees and costs. Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method - "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis* exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

2

Petitioners request the following rates for his attorneys, based on the years work was performed:

| Attorney | 2019 | 2020 | 2021 | 2022 | 2023 | 2024 |
|---|---|---|---|---|---|---|
| **Meredith Daniels** | -- | $350.00 | $350.00 | $410.00 | $455.00 | $455.00 |
| **Christina Ciampolilo** | -- | $380.00 | -- | -- | -- | $470.00 |
| **Joseph Pepper** | -- | -- | $355.00 | $415.00 | -- | -- |
| **Ronald Homer** | -- | -- | $447.00 | $475.00 | $500.00 | $500.00 |
| **Nathaniel Enos** | -- | -- | -- | $280.00 | $320.00 | -- |
| **Kelly P.** | -- | -- | -- | -- | $305.00 | -- |
| **Paralegals** | $145.00 | $155.00 | $155.00 | $170.00 | $185.00 | $185.00 |

Mot. at 5–24; Supp. Mot. at 5–6.

The Homer attorneys who provided services in this case practice in Boston, MA—a jurisdiction that has been deemed "in forum." Accordingly, they should be paid forum rates as established in *McCulloch*. *See Lozano v. Sec'y of Health & Hum. Servs.*, No. 15-369V, 2020 WL 7869439, at *3 (Fed. Cl. Spec. Mstr. Nov. 30, 2020). The rates requested are also consistent with what has previously been awarded to them, in accordance with the Office of Special Masters' fee schedule.[3] *Japaridze v. Sec'y of Health & Hum. Servs.*, No. 20-1545V, 2023 WL 4104131, at *1 (Fed. Cl. Spec. Mstr. May 17, 2023); *Kimball v. Sec'y of Health & Hum. Servs.*, No. 20-2000V, 2023 WL 4044612, at *1 (Fed. Cl. Spec. Mstr. May 16, 2023); *Meyer v. Sec'y of Health & Hum. Servs.*, No. 20-2031V, slip op. at 2 (Fed. Cl. Spec. Mstr. May 16, 2023). I thus find no cause to reduce them in this instance. And I deem the time devoted to the matter to be reasonable, including time specific to the appeal. I will therefore award all fees requested without adjustment.

## II.    Calculation of Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No.10-243V, 2013 WL 5367670, at

---

[3] OSM Attorneys' Forum Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/node/2914 (last visited Sept. 5, 2024).

*16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $1,655.30 in outstanding attorney's costs, which comprises filing fees, medical record retrieval costs, mailing costs, and costs associated with a client visit. Mot. at 25. These expenses are commonly incurred in the Vaccine Program, are reasonable herein, and shall be awarded.

In addition, Petitioners requested $17,097.00 in personally-incurred costs, representing fees to establish a guardianship with the help of attorney, Lucy Shackleford. Mot. at 50–63. This includes $2,887.50 reflecting time spent on actually establishing the guardianship, plus $1,250.00 annually to maintain the guardianship until 2035—an amount that would total $14,209.50. *Id.* at 57. To reach this figure, Ms. Shackleford has assumed $1,250.00 per year in fees, including reviewing bank statements and preparing annual account. *Id.* She then has discounted this cost to net present value, using a 1% discount rate for each year. *Id.* Adding the cost of each year together totaled $14,209.50. *Id.*

Establishing a guardianship has been determined to be a legitimate cost associated with some Vaccine Act claims (especially when a stipulated settlement requires it). *Barrett v. Sec'y of Health & Hum. Servs.*, No. 09-389V, 2014 WL 2505689 (Fed. Cl. Spec. Mstr. May 13, 2014). And as noted in the Remand Order, the Federal Circuit has held that when state law imposes guardianship maintenance expenses, petitioners should receive compensation for those expenses. *McCulloch v. Sec'y of health & Hum. Servs.*, 923 F.3d 998, 1003–04 (Fed. Cir. 2019).

Because Petitioners will incur maintenance expenses under Arkansas law due to G.R.'s vaccine-related injury compensation award, they are entitled to some sum for this category of cost, and the requested amount is reasonable. Accordingly, all requested costs shall be awarded in full.

## CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT** Petitioners' Motion for Attorney's Fees and Costs, and award a total of $66,223.70, reflecting (a) $49,126.70 in attorney's fees and costs, in the form of a check made jointly payable to Petitioners and their attorney Ronald C. Homer, and (b) $17,097.00 in costs personally incurred by Petitioners, in the form of a check made payable to them.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[4]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.